UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| BILLY BRITTON, III | ] | |
|     Petitioner, | ] | |
| | ] | |
| v. | ] | No. 3:10-0558 |
| | ] | Judge Echols |
| JAMES FORTNER, WARDEN | ] | |
|     Respondent. | ] | |

**O R D E R**

On June 4, 2010, the petitioner initiated this action with the *pro se* filing of a petition (Docket Entry No. 1) under 28 U.S.C. § 2254, for writ of habeas corpus.

Upon preliminary review of the petition, the Court determined that it had not been filed in a timely manner. Accordingly, an Order (Docket Entry No. 2) was entered granting the petitioner thirty (30) days in which to show cause why the petition should not be denied for that reason.

Since the entry of that Order, the petitioner has filed a response (Docket Entry No. 5). In the response, the petitioner does not question the Court's finding that this action is untimely. Rather, he attributes the untimeliness of the petition to the fact that he was not able to prove his innocence until after the limitation period had expired.

The petitioner claims that he is actually innocent of the murder charge and that this fact in some way should allow him to

avoid the consequences of an untimely filing. This circuit, as well as other circuits, have not recognized an actual innocence exception to the statute of limitation. <u>Allen v. Yukins</u>, 366 F.3d 396, 404 (6th Cir. 2004); *see also* <u>Flanders v. Graves</u>, 299 F.3d 974, 977-978 (8th Cir. 2002); <u>Gildon v. Bowen</u>, 384 F.3d 883, 887 (7th Cir. 2004). Thus, petitioner's claim of actual innocence, in and of itself, is not sufficient to toll the statute of limitation. In any event, the petitioner has not provided the type of clear and convincing evidence needed to sustain his claim of actual innocence.

Accordingly, given the untimeliness of the petition, the petition is DENIED and this action is hereby DISMISSED. Rule 4, Rules - - - § 2254 Cases. Having failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability shall NOT issue in this instance. 28 U.S.C. § 2253(c)(2).

It is so ORDERED.

_____
Robert L. Echols
United States District Judge